GUARANTEE BOND & MORTGAGE CO. *v.* FIDELITY & DEPOSIT CO. OF MARYLAND.

1. PRINCIPAL AND SURETY—LIABILITY OF SURETY.

   In an action against the surety on a bond guaranteeing delivery of certain coaches, the surety was properly held liable whether the instrument providing for delivery was a bill of sale, as it purported to be, or a chattel mortgage, as claimed by the surety, where the principal breached its agreement and failed to make delivery.[1]

2. SAME—POINT OF DELIVERY.

   That the instrument providing for delivery failed to state the point of delivery, is no defense in said action, where actual delivery was made to a stranger to the instrument.[2]

Error to Kent; Brown (William B.), J. Submitted June 2, 1925. (Docket No. 12.) Decided July 16, 1925.

Assumpsit by the Guarantee Bond & Mortgage Company against the Fidelity & Deposit Company of Maryland on a bond. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corwin & Norcross*, for appellant.

*J. T. & T. F. McAllister*, for appellee.

FELLOWS, J. On August 9, 1922, the Par-Kar Coach Company, a corporation engaged in the manufacture of coaches at St. Louis, Michigan, executed and delivered to plaintiff the following instrument:

BILL OF SALE.

"For, and in consideration of $10,000 cash and other valuable considerations, the receipt of which are here-

[1]Principal and Surety, 32 Cyc. p. 114 (Anno); [2]Id., 32 Cyc. p. 114 (Anno).

by acknowledged, we, the Par-Kar Coach Company of St. Louis, Michigan, do grant, sell, bargain and convey to the Guarantee Bond and Mortgage Company of Grand Rapids, Michigan, its successors and assigns, six model B parlor car coaches described as follows: These coaches to be equipped with Model E. B. U. Buda motors, four speed Fuller transmissions, Vulcan full floating rear axle and Vulcan front axle, with 36x6 cord tires all around, bodies painted maroon, upholstered in Spanish leather pantosote, sidewalls upholstered with the same material as the seats, carpet on the floor, and equipped with ten dome lights, fare boxes, routing signs and special speedometers, now in process of manufacture by Par-Kar Coach Company at St. Louis, Michigan.

"The delivery of this equipment is to be made in four weeks from date hereof, and the delivery is guaranteed by a delivery bond furnished by the Fidelity and Deposit Company of Maryland, Baltimore, Maryland.

"The Par-Kar Coach Company warrants that said property is free and clear from all liens and incumbrances and that it and its successors and assigns will warrant and defend the sale hereby made against all claims whatsoever.

"PAR-KAR COACH COMPANY,

(Signed) "By C. O. WESTFALL,

"August 9, 1922.    President and Gen'l Mgr."

Defendant became surety in the bond mentioned in this instrument and $10,000 was paid to the Par-Kar Company by plaintiff.   The coaches were never delivered to plaintiff but during the fall were delivered to the Michigan Motor Transportation Company, a corporation subsequently organized by Mr. Westfall, president of the Par-Kar Coach Company, and others, and a bill of sale of them was given to the Contract Finance Company which company subsequently took possession of them.   Upon the failure to make delivery on the date specified in the instrument, defendant's agent was promptly notified.   The testimony fairly discloses that at this time the coaches were

not finished and ready for delivery; at a somewhat later date, plaintiff learned that the coaches had been delivered to the transportation company.    After considerable negotiation, which was fruitless, this action was brought to recover the penalty of the bond.    Upon a trial before the court without a jury findings of fact and conclusions of law were filed and judgment entered for plaintiff.

Upon the trial the facts above related were clearly established and were substantially incorporated in the findings of fact.    It is here insisted that defendant should escape liability because the instrument quoted is not a bill of sale but is a chattel mortgage and many pages are taken in the brief with argument and citation of authorities to demonstrate that the instrument is under the circumstances a chattel mortgage.    We may hold for the purposes of the case that the instrument is a chattel mortgage without in any way affecting the case or the judgment rendered.    If it is a chattel mortgage, the Par-Kar Coach Company is the mortgagor; it executed the instrument and the money was paid by plaintiff to it; by no stretch of the facts can it be held to be the mortgage of the transportation company which was not then in existence; by its express terms the Par-Kar Coach Company agreed that possession of the property should be given the plaintiff.    If the instrument is for security the very essence of the security according to its terms was the possession of the mortgaged property by the plaintiff as mortgagee.    This possession the mortgagor agreed to give, and defendant became surety for the performance of the agreement.    The mortgagor breached its agreement and defendant, its surety, is liable.

There is some discussion in the brief of defendant's counsel as to the point at which delivery should be made in the absence of specific agreement.    But upon

this record this question is academic.   Here the Par-Kar Coach Company made an actual delivery of the coaches covered by the instrument, whether it be a bill of sale or a chattel mortgage, not to the plaintiff but to the transportation company, a stranger to the instrument.   The defense in this case is without merit.

The judgment will be affirmed.

CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.   McDONALD, C. J., and WIEST, J., did not sit.